# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**TERRY LEE WARREN**                                                                                **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 1:09cv364-RHW**

**DAVID ALLISON, Sheriff**                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's civil rights conditions of confinement complaint filed June 15, 2009, pursuant to 42 U.S.C. § 1983. On February 3, 2010, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations contained in Plaintiff's complaint. At the hearing, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all further proceedings. Docs. [30] and [31]. After considering the complaint and hearing from the Plaintiff, the Court is of the opinion that Plaintiff has failed to state a constitutional claim.

Warren was placed in Pearl River County jail July 23, 2008, charged with fondling. By the time of the hearing, he had been indicted on the charge and was scheduled for trial on February 17, 2010. In this lawsuit, he complains of the conditions of confinement at the Pearl River County jail. Specifically, Warren complains that the tap water is room temperature and sometimes discolored; the food is cold and too greasy for his taste; no cleaning supplies are

---

[1] 28 U.S.C. §1915A Screening.
  (a) Screening.
     The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

provided on weekends; there are staph infections in the jail, though he concedes he has never been diagnosed with such an infection; there is no pest control for ants and he was once bitten by an ant; yard call is infrequent; mail is not timely handled; and the staff are verbally abusive.

The Constitution does not require that prisoners be provided a comfortable jail. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The constitutional prohibition against cruel and unusual punishment requires simply that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To establish a constitutional violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of indifference to the inmate's health or safety. *Id*. To establish indifference, the inmate must show prison officials were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn, and that the officials actually drew an inference that such potential for harm existed. In deciding the constitutionality of conditions of confinement of pretrial detainees, the Court must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 529, 538-539 (1979).

Warren has alleged no injury from the water or the food. Furthermore, the Constitution requires that prisoners be served food that provides adequate nutrition, not that it be served hot. *Logan v. Black*, 983 F.2d 1063 (5th Cir. 1993). Warren admits that cleaning supplies are provided five days a week, but complains they are not provided on weekends; that staph infections exist in the jail, but he has never been diagnosed with one; and that he was once bitten by an ant. The Court finds these complaints fail to state a claim of constitutional dimension. The same is true of Warren's complaint regarding yard call. Warren testified he gets yard call one to

three times a week and is allowed out of his cell an hour every day at least into the day room. Neither the U.S. Supreme Court nor the Fifth Circuit has expressly held that prisoners enjoy an absolute right to time outdoors. See, *Green v. Ferrell*, 801 F.2d 765, 771-772 (5th Cir. 1986). Warren's complaint that his mail (government letters) was opened, and mail was once delivered at 2:00 a.m., fails to state a constitutional claim, particularly since he alleges no resulting injury. The Court further finds Warren's complaint that former jail staff were verbally abusive fails to state a constitutional claim. "Mere allegations of verbal abuse do not present actionable claims under § 1983." *See*, *Bender v. Brumley*, 1 F.3d 271, 274, n. 4 (5th Cir. 1993).

Warren also claims he is not provided proper medical care at the jail. The elements essential to a constitutional claim for deliberate indifference to serious medical needs are (1) the Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) that the Defendants actually drew that inference; and (3) that the Defendants' response indicated that they intended that the harm occur. *Thompson v. Upshur County TX, et al.*, 245 F.3d 447 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs."). Deliberate indifference cannot be inferred from a negligent, or even a grossly negligent, response to a substantial risk of serious harm. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). *Id.* To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. Mere negligence, neglect or even medical malpractice do not constitute a valid § 1983 claim. See, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1991). That Warren may disagree with the treatment he receives, does not make the treatment constitutionally deficient. *Norton v.*

*Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). Prison officials are not liable for denial of medical treatment unless they know of and disregard an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

Warren's own testimony reveals he has received quite a bit of medical attention during his stay at Pearl River County. Other than a hospital stay for pneumonia a couple of months before he was incarcerated, Warren had not seen a doctor for ten years. Warren testified that after about eight months in jail, he developed problems urinating and requested medical attention. He was seen by the nurse, who had blood work done, and prescribed some prostate pills. Warren testified he had blood work done five times, and was eventually found to have a liver problem. Although he denies any prior liver problems, and claims to have been in good health and not on any prescription medications before coming to the jail, Warren admitted he drank a lot; when he was not working, he drank a case of beer a day. Since his incarceration, in addition to the nurse, Warren has seen two doctors. The second doctor, a digestive system specialist, performed a colonoscopy and found Warren has ulcers and Hepatitis C. Warren testified he is being treated for these conditions. Although Warren claims he is not getting proper medical care for headaches, cramps, rashes, and prostate problems, he testified he has seen the nurse for headaches and dizziness, and has been referred to doctor, who said the problem could be a blood swollen vein. The nurse also saw him for cramps under his rib cage; but Warren testified the cramps come and go and are "not that big of a deal." Warren testified the nurse had provided him prostate pills, that he was provided breathing treatments for a respiratory problem, and that he receives Benadryl for rashes. He does not know how long it took for him to see the doctor, but thinks it was too long. Warren's testimony evinces no deliberate disregard by jail officials of any serious medical need.

Warren has alleged no wrongdoing by David Allison. He claims only that Sheriff Allison does not properly oversee the jail [17]. Supervisory liability under § 1983 may not be based on *respondeat superior*, but only on the supervisor's own wrongful acts or omissions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978). It must be based on more than the right to control employees, or simple awareness of employees' misconduct. *Leary v. Daeschner*, 349 F.2d 888, 903 (6th Cir. 2003). Warren's allegation against Sheriff Allison fails to present the requisite basis for § 1983 liability.

The Court finds that Warren has failed to state a constitutional claim with respect to the matters of which he complains, and that this action should be dismissed with prejudice. A separate judgment shall be entered to that effect.

SO ORDERED, this the 5th day of April, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE